HawxiNS J.,
delivered the opinion of the Court.
The plaintiff in error has filed an affidavit in this Court, in each of these cases, in which ho states that he has reason to believe, and does believe, that from prejudice and local influence, he will not be able to obtain justice in this Court; and has also presented to this Court, in each of said cases, a petition asking that said causes may be removed from this Court, to the next Circuit Court of the United States for the Eastern District of Tennessee.
The application is made under the provisions of the Act of Congress, of March 2d, 1867, entitled: “An Act to amend An Act, entitled ‘An Act for the removal of causes in certain cases, from State Courts, approved July twenty-seven, eighteen hundred and sixty-six,’ ” by which it is provided: “ That where a suit is now pending, or hereafter may be brought, in any State Court, in which there is controversy between a citizen of the State in which the suit is brought and a citizen of another State, and the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, such citizen of another State, whether he is plaintiff or defendant, if he will make and file in such State Courts an affidavit, stating that he has reason to and does believe, that, from prejudice or local influence, he will not be able to obtain justice in such State Court, may, at any time before the final hearing or trial of the suit, file a petition in such State Court for the removal of the suit into the next Circuit Court of the United States to be held in the District where the suit is pending *255 and offer a good and sufficient surety for his entering in such Court, on the first day of its session, copies of all process, pleadings, depositions, testimony, and other proceedings in said suit, and doing such other appropriate acts as by the Act to which this Act is amenda-tory are required to be done, upon the removal of a suit into the United States Court; and it shall be, thereupon, the duty of the State Court to accept the surety, and proceed no further in the suit; and the said copies being entered as aforesaid in such Court of the United States, the suit shall there proceed in the same manner as if it had been brought there by original process:” See Pamphlet Acts, 2d Session Thirty-Ninth Congress, page 196.
The petitioner, by his petition in each suit, offers to give good and sufficient surety for his entering in said Circuit Court of the United States, on the first day of its session, copies of all process, pleadings, depositions, testimony, and other proceedings in each of said causes, and in all respects to comply with the law for the removal of causes, and all orders which may be made in the premises, either by this Court or said Circuit Court of the United States.
These causes are all now pending, and have not been -finally heard or tried in this Court, in each of which there is controversy between a citizen of the State in which the suit was instituted and a citizen of another State, as it is alleged in the petitions and affidavits that the petitioner is a citizen of the State of Georgia. And the matter in dispute, in each suit, exceeds the sum of five hundred dollars, exclusive of costs.
*256 The language of the Act is so comprehensive that it embraces all suits now pending, or which may hereafter le brought in any State Court, in which there is controversy between a citizen of the State in which the suit is instituted and a citizen of another State, and in which the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs.
In determining these applications, the motives of the petitioner, whether his statements be true or false, his fears real or pretended only, and wholly without foundation; or, being real, have their origin in causes real or imaginary, are questions with - which we have nothing to do, and to which answers could have no weight. Our simple duty is to administer the law, as we understand it, impartially to all. We have neither the right or inclination to criticise these applications, otherwise than dispassionately. to see that they are made in conformity to the Statute, and that the suits sought to be removed are embraced within its provisions.
We are not aware that the Statute under which these applications are made, has yet been before any of the United States Courts, for judicial construction. We have not stopped to inquire whether the Circuit Court of the United States can now take jurisdiction of these particular cases, even under the comprehensive provisions of this Statute, but think it proper to refer this question to that tribunal.
This Court has no original, and can exercise an ap-pelate jurisdiction only. It is a revising Court, and sits only to revise the judgment and decrees of inferior State Courts. Now, what will be the effect of a re *257 moval of these causes from this Court into the Circuit Court of the United States? Was it the intention of Congress to confer upon that Court the power to revise the judgments and decrees of inferior State Courts; or was it the intention, hy providing for the removal of causes from this Court to the Circuit Court of the United States, to give that Court original jurisdiction over the cause, and thus secure to the parties the right to a trial de novo in that Court, after it has been finally heard or tried in an inferior State Court ? What is the meaning of that portion of the Statute, hy which it is provided “the suit shall there proceed in the same manner as if it had been brought there by original process?” are questions worthy of consideration, and we think it may well be doubted whether the Circuit Court of the United States can exercise jurisdiction over these causes; but further than this we express no opinion upon this subject. The Statute in its terms is imperative, and leaves us no discretion. We are, therefore, of the opinion that it is our duty, in the absence of any authoritative construction of the Statute to the contrary by, the United States Courts, which alone can authoritatively construe the Acts of Congress, and determine their own jurisdiction and practice, upon the petitioner giving the surety required by the Statute, to order that these suits be removed into the Circuit Court of the United States, according to the prayer of the petitions.